**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**OSVALDO ROJAS-SANCHEZ,**

**Petitioner,**

**-vs-** **Case No. 6:10-cv-991-Orl-19KRS**
**(6:07-cr-95-Orl-19KRS)**

**UNITED STATES OF AMERICA,**

**Respondent.**

# ORDER

This case comes before the Court on the following:

1. Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Osvaldo Rojas-Sanchez (Doc. No. 4, filed July 22, 2010);
2. Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Respondent United States of America (Doc. No. 10, filed Oct. 5, 2010);
3. Reply to Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 by Petitioner Osvaldo Rojas-Sanchez (Doc. No. 12, filed Nov. 4, 2010); and
4. Second Memorandum in Opposition to Government's Response by Petitioner Osvaldo Rojas-Sanchez (Doc. No. 13, filed Nov. 17, 2010).

## Background

Petitioner Osvaldo Rojas-Sanchez was charged in a two-count indictment with: (1) conspiracy to possess with intent to distribute one kilogram or more of a mixture and substance

containing a detectable amount of heroin, in violation of 21 U.S.C. § 846; and (2) attempt to possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). (Criminal Case No. 6:07-cr-95-Orl-19KRS, Doc. No. 1, filed Aug. 31, 2007).[1]

Petitioner entered into a written plea agreement and pled guilty to Count I of the Indictment. (Criminal Case Doc. No. 59, filed May 20, 2009; Criminal Case Doc. No. 61, filed May 27, 2009.) The Court accepted the plea and adjudicated Petitioner guilty as to Count I. (Criminal Case Doc. No. 68, filed June 3, 2009.) On August 31, 2009, a sentencing hearing was conducted, and Petitioner was sentenced to 87 months imprisonment and a three-year term of supervised release on Count I of the Indictment. (Criminal Case Doc. No. 87 at 2-3, filed Sept. 2, 2009.) Count II was dismissed pursuant to the Plea Agreement. (*Id.* at 8.)

At the sentencing hearing, the Court orally explained to Petitioner his right to appeal, (Criminal Case Doc. No. 122 at 5-7, filed Sept. 3, 2010), and Petitioner signed a written Acknowledgment of Right to Appeal confirming his understanding of the right to appeal, the ten-day deadline for appealing, and the steps for taking an appeal. (Criminal Case Doc. No. 86, filed Aug. 31, 2009.) On September 21, 2009, the Court entered an Order ("Ten Day Order") noting that ten days had elapsed since the entry of judgment and that no notice of appeal had been filed. (Criminal Case Doc. No. 90, filed Sept. 22, 2009.) The Ten Day Order directed Petitioner to file within ten days a declaration stating whether the election not to file a notice of appeal was informed and voluntary. (*Id.*) The Ten Day Order further stipulated that failure to respond as directed would be

[1] Criminal Case No. 6:07-cr-95-Orl-19KRS will be referred to as "Criminal Case."

deemed an acknowledgment by Petitioner that the decision not to appeal was an informed and voluntary choice. (*Id.*) Petitioner did not file a declaration pursuant to the Ten Day Order.

On April 6, 2010, Petitioner filed a Notice of Inquiry acknowledging that he received the Ten Day Order on September 24, 2009. (Criminal Case Doc. No. 119 at 1.) According to Petitioner, he mailed the Court a notice of appeal and a request for the appointment of counsel on September 24, 2009, and he did not receive a reply from the Court. (*Id.*) However, no such documents were filed with the Court.

On July 22, 2010, Petitioner timely filed a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255, asserting three grounds for relief: (1) ineffective assistance of counsel; (2) breach of the plea agreement by the Government; and (3) defective Indictment. (Doc. Nos. 1, 4.) The Government filed a response in opposition, (Doc. No. 10), and Petitioner filed a reply to the response (Doc. No. 12).

## Standard of Review

### I. Relief

Section 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* To obtain this relief on collateral review,

however, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

**II. Hearing**

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

**Analysis**

**I. Ineffective Assistance of Counsel for Failure to File Requested Notice of Appeal**

Petitioner asserts that his trial counsel was ineffective for, among other reasons, failing to file a notice of appeal upon Petitioner's request. (Doc. No. 4 at 15.) In support of this claim, Petitioner maintains that he "was very dissatisfied with his counsel's performance at his sentencing hearing[, h]ence, Petitioner requested that counsel immediately file a notice of appeal to the [Court's] decision." (*Id.*) According to Petitioner, he requested counsel to file an appeal "once" the

sentencing hearing concluded, and counsel responded that the sentence was correct, that only counsel can submit the notice of appeal, and that the Court of Appeals would assign new counsel on appeal. (Criminal Case Doc. No. 119 at 2.) Petitioner further asserts that he "was under the impression that counsel had filed a notice of appeal [but] recently discovered, by viewing the docket sheet for his criminal case, that his counsel had failed to file a notice of appeal." (Doc. No. 4 at 15.)

The Government responds in opposition that Petitioner never directed his counsel to file a notice of appeal and that Petitioner's claim to the contrary does not justify an evidentiary hearing on this issue. (Doc. No. 10 at 15-17.) In support of its position, the Government submits an affidavit of Andrew J. Chmelir, Petitioner's trial counsel, stating that "[a]t no point prior to . . . or after his sentencing hearing did [Petitioner] notify me to file a Notice of Appeal on his behalf" and that Petitioner "never instructed me to file an appeal on his behalf." (Doc. No. 10-1 at 1-2.) For the reasons discussed below, an evidentiary hearing is warranted to resolve this ineffective assistance of counsel claim.

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. These two elements are commonly referred to as the performance and prejudice prongs, respectively. *Reece v. United States*, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997). If Petitioner fails to establish either prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

It is well-settled that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citations omitted). In such a case, prejudice is presumed, and the petitioner is entitled to a new appeal without showing that his appeal would likely have merit. *See id.* at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice."); *Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."); *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969) (finding that a defendant who instructed counsel to perfect an appeal thereby objectively indicated his intent to appeal and was entitled to a new appeal upon counsel's failure to perfect an appeal without any further showing). These rules apply with equal force even though Petitioner's plea agreement contains a partial waiver of his rights to appeal and collaterally attack his sentence.[2] *See Gomez-Diaz v. United States*, 433 F.3d 788, 793 (11th Cir.

---

[2] The sentence-appeal waiver provision of Petitioner's plea agreement states as follows:

> [Petitioner] expressly waives the right to appeal [his] sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds that statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [Petitioner] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Criminal Case Doc. No. 59 at 12-13.) Because Petitioner retains some appellate rights under the sentence-appeal waiver, the waiver does not bar a claim of ineffective assistance of counsel for failure to file a requested notice of appeal, *Gomez-Diaz*, 433 F.3d at 793, and it is unnecessary to

(continued...)

2005) ("If the evidence establishes . . . that Petitioner's attorney acted contrary to his client's wishes, . . . prejudice is to be presumed, and Petitioner is entitled to an out-of-time appeal, regardless of whether he can identify any arguably meritorious grounds for appeal that would fit one of the exceptions contained in his appeal waiver.").

Petitioner and his counsel present conflicting accounts regarding whether Petitioner directed counsel to file a notice of appeal after his sentencing hearing. (*Compare* Doc. No. 4 at 15, *and* Criminal Case Doc. No. 119 at 2, *with* Doc. No. 10-1 at 1-2.) An evidentiary hearing is necessary to resolve this factual dispute. *See Gallego v. United States*, 174 F.3d 1196, 1198-99 (11th Cir. 1999) (noting that there is no "*per se* 'credit counsel in case of conflict rule'" and remanding a case for an evidentiary hearing and credibility determination regarding what counsel told a client during trial).

Petitioner's failure to comply with the Ten Day Order does not preclude his claim that counsel was ineffective for failing to file a requested notice of appeal. A petitioner is entitled to a new appeal when counsel fails to file a requested notice of appeal because counsel's failure to act causes the forfeiture of an "entire judicial proceeding . . ., which [the petitioner] wanted at the time and to which he had a right . . . ." *Flores-Ortega*, 528 U.S. at 483. Although Petitioner does not allege precisely when he instructed counsel to file a notice of appeal relative to the sentencing hearing and the issuance of the Ten Day Order, Petitioner's allegations indicate that he was entitled to an appeal and had not waived his right to appeal when he allegedly requested counsel to take an appeal. (*Compare* Doc. No. 4 at 15 ("Petitioner was very dissatisfied with his counsel's

---

(...continued)
address at this time whether the sentence-appeal waiver is enforceable.

performance at the sentencing hearing. Hence, Petitioner requested that counsel immediately file a notice of appeal to th[e Court's] decision."), *and* Criminal Case Doc. No. 119 at 2 (asserting that Petitioner requested counsel to file an appeal "once" the sentencing hearing concluded), *with* Criminal Case Doc. No. 90 at 1 (advising Petitioner, more than three weeks after the sentencing proceeding, that the Court would presume that his failure to file a notice of appeal was knowing and voluntary unless he filed a declaration to the contrary within ten days).) Therefore, Petitioner's failure to respond to the Ten Day Order, even if considered a waiver of his right to appeal, does not constitute a waiver of Petitioner's right to effective assistance of counsel in perfecting an appeal that he allegedly requested and was then entitled to take.

In summary, it is undisputed that Petitioner's counsel did not file a notice of appeal on Petitioner's behalf, (Doc. No. 4 at 15; Doc. No. 10-1 at 1-2), and Petitioner's allegations that he requested counsel to file a notice of appeal, if true, would entitle him to an out-of-time appeal. *Flores-Ortega*, 528 U.S. at 477, 483. Therefore, an evidentiary hearing is warranted to determine whether Petitioner in fact requested counsel to file a notice of appeal. *See Gomez-Diaz*, 433 F.3d at 792 (remanding to the district court to hold an evidentiary hearing to establish the content of the communications between the petitioner and his attorney where the petitioner's pleadings, broadly construed, alleged that his lawyer failed to perfect an appeal when asked to do so); *Smith*, 170 F.3d at 1053 ("A habeas corpus petitioner is entitled to an evidentiary hearing on his claim if he alleges facts which, if proven, would entitle him to relief." (quotation omitted)).

**II. Ineffective Assistance of Counsel for Failure to Consult with Petitioner About Appealing**

Apart from failing to file a requested notice of appeal, Petitioner asserts that counsel was ineffective for failing to consult with him about filing an appeal. (Doc. No. 12 at 4.) Counsel must

consult with a client about an appeal when either: (1) any rational defendant would want to appeal; or (2) the client reasonably demonstrated an interest in appealing. *Flores-Ortega*, 528 U.S. at 480. If a duty to consult exists, counsel must fulfill that duty by "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. If counsel fails to satisfy the duty to consult, a petitioner is entitled to an out-of-time appeal only if he establishes prejudice by demonstrating "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. For the reasons discussed below, an evidentiary hearing is appropriate to adjudicate this claim.

Petitioner's alleged facts, if true, would impose on counsel a duty to consult with Petitioner about filing an appeal. Petitioner allegedly "requested" counsel to file a notice of appeal. (Doc. No. 4 at 15; Criminal Case Doc. No. 119 at 2.) To the extent this claim was not sufficiently specific to trigger counsel's *per se* duty to file a notice of appeal, *see supra* part I, an evidentiary hearing is appropriate to assist the Court in determining whether Petitioner's statements to counsel "reasonably demonstrated an interest in appealing." *Flores-Ortega*, 528 U.S. at 480; *see also Gomez-Diaz*, 433 F.3d at 792 (reasoning that an evidentiary hearing was necessary to determine if the petitioner's statements to counsel triggered counsel's *per se* duty to file an appeal or merely counsel's duty to consult with the petitioner about appealing).

Turning to the issue of whether counsel satisfied the alleged duty to consult, Petitioner's allegations, if true, would show that counsel fell short of his duty. When "requested" by Petitioner to file a notice of appeal after the sentencing hearing, counsel allegedly responded, "the sentence was right," only counsel can "submit the notice of appeal," and that the Court of Appeals will assign

new counsel on direct appeal. (Criminal Case Doc. No. 119 at 2.) Counsel's affidavit provides no evidence to the contrary, as counsel does not indicate whether he spoke to Petitioner after sentencing about his right to appeal. (*Cf.* Doc. No. 10-1 at 1 ("Prior to his sentencing hearing, I made [Petitioner] aware of his right to appeal and how that would be limited pursuant to the plea agreement."). Because on the record before this Court counsel's alleged advice to Petitioner regarding an appeal of his sentence did not amount to "advising [him] about the advantages and disadvantages of taking an appeal[] and making a reasonable effort to discover [his] wishes," *Flores-Ortega*, 528 U.S. at 478, Petitioner is entitled to an evidentiary hearing on the issue of whether counsel fulfilled his duty to consult. *See Strickland*, 466 U.S. at 691 ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . decisions . . . .").

An evidentiary hearing is also warranted on the prejudice prong of this ineffective assistance claim which requires Petitioner to demonstrate a reasonable probability that he would have appealed but for counsel's deficient conduct. *Flores-Ortega*, 528 U.S. at 484. Petitioner's allegations reflecting a promptly expressed desire to appeal are probative of whether Petitioner would have appealed but for counsel's deficient failure to consult. *Id.* at 485. Petitioner maintains that because he was very dissatisfied with counsel's performance at his sentencing hearing, he "requested" that counsel "immediately" file a notice of appeal. (Doc. No. 4 at 15.) Petitioner also allegedly "requested" that counsel file an appeal "once" the sentencing hearing concluded. (Criminal Case Doc. No. 119 at 2.)

The identification of non-frivolous grounds for appeal is also relevant to whether a Petitioner would have appealed but for counsel's deficient failure to consult and thus whether Petitioner was

prejudiced. *Flores-Ortega*, 528 U.S. at 485. However, as noted by the Supreme Court in *Flores-Ortega*, the identification of non-frivolous grounds for appeal is not essential to a finding of prejudice:

> [A]lthough showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to specify the points he would raise were his right to appeal reinstated will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed. . . . [I]t is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

*Id.* at 486. To consider whether Petitioner has identified non-frivolous grounds for appeal, it is necessary to consider the merits of Petitioner's remaining collateral claims. The Court will not do so at this time for the reasons discussed *infra* part III. However, evidence probative of prejudice, including whether Petitioner promptly expressed a desire to appeal, may be adduced at the evidentiary hearing.

In summary, the Court finds that Petitioner has alleged sufficient facts to warrant an evidentiary hearing on his claim that counsel was ineffective for failing to consult with him about appealing.

**III. Remaining Claims**

If it is determined that Petitioner is entitled to an out-of-time appeal due to ineffective assistance of counsel for failure to file a requested notice of appeal or failure to consult with Petitioner about appealing, the Court must "dismiss without prejudice or hold in abeyance the resolution of the remaining collateral claims pending the direct appeal." *McIver v. United States*, 307 F.3d 1327, 1331 n.2 (11th Cir. 2002). Accordingly, ruling is reserved on the merits of all claims

asserted in Petitioner's Section 2255 Motion pending the evidentiary hearing on the aforementioned ineffective assistance of counsel claims.

**Conclusion**

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Court will hold an evidentiary hearing on Petitioner's claims that counsel rendered ineffective assistance by: (1) failing to file a notice of appeal as requested by Petitioner; and (2) failing to consult with Petitioner about appealing. The date and time of the hearing shall be set by separate notice.

2. The United States Magistrate Judge assigned to this case is directed to appoint counsel on behalf of Petitioner pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings.

3. At least twenty-eight (28) days prior to the evidentiary hearing, Petitioner shall file a statement entitled Pretrial Narrative Statement consisting of the following:

   (a) A brief general statement of the case.

   (b) A narrative written statement of the facts that will be offered by oral or documentary evidence at the evidentiary hearing.

   (c) A list of all exhibits to be offered into evidence at the evidentiary hearing.

   (d) A list of the full names and addresses of places of employment for all the witnesses that Petitioner intends to call.

   (e) A summary of the anticipated testimony of each witness named in (d).

4. At least fourteen (14) days prior to the evidentiary hearing, the Government shall file a Pretrial Narrative Statement complying with paragraphs 3(a) through (e) above.

5. The Court **RESERVES RULING** on the merits of all claims asserted in Petitioner's Section 2255 Motion (Doc. No. 4) pending the evidentiary hearing.

**DONE AND ORDERED** at Orlando, Florida, this 2nd day ofDecember, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Osvaldo Rojas-Sanchez
Counsel of Record